## *MT. ADAMS AND EDEN PARK INCLINED RAILWAY COMPANY v. EDWARD DOHERTY.

*Personal injury by negligence of conductor—Boy jumping on footboard of car—Allegation of negligence of the conductor in petition justifies introduction of evidence as to threats and threatening gestures of conductor, causing fear of personal violence, and from which boy jumped off car while in full motion—Charge of trial court on that subject considered.*

ERROR to the court of common pleas of Hamilton county.

SMITH, J.

    The two grounds relied on by the counsel for the plaintiff in error are that the trial court erred in the charge given to the jury, and in overruling the motion for a new trial, based upon the ground that the verdict of the jury was against the evidence in the case.

    In regard to this latter point, we may say that the evidence given by the various witnesses who testified in the case (whether for the plaintiff or the defendant), in regard to the injury of the plaintiff below, which was the subject of the controversy, and to the circumstances under which it occurred, was of the most conflicting and apparently irreconcilable character—so much so that it is hard to believe that the witnesses testify to the same transaction. But while there is the gravest doubt whether the injury to plaintiff, then a child six years old, may not have been the result of his own wrongful and negligent act, and that the defendant company was not responsible for it, it cannot be denied that there was evidence given i the case by several witnesses which, if true, would

---

*This decision was affirmed by the Supreme Court, May 5, 1896: unreported.

show that the conductor of the car was guilty of such wrongful conduct toward the child as brought about the injury to him—that is, that while the cars were under full headway, he struck or struck at, or pushed the boy from his position on the running-board of the car, and caused him to fall under the wheels thereof, and thereby lose one of his legs. If this was so, it would seem clear that the defendant company was liable. Whether it was, depended upon the credit to be given to the witnesses. These were questions of fact peculiarly within the province of the jury, and unless it was manifest to the trial court that their findings upon these points were wrong, it should not have been set aside by it; much less should it be done by a reviewing court, whose opportunities for rightly deciding these questions are far less than those possessed by the trial court.

It is further urged that the court erred in its statement to the jury, that one of the issues in the case was, whether the conductor, by word, gesture or threat, induced the boy, in fear, to jump from the car, and that if he did so, or so frightened him that he fell off and was injured, the defendant would be liable, for the reason that this was not one of the issues in the case. The allegations in the petition as to the wrongful conduct of the defendant company were, "that the defendant, by its agents and employees on said car, attempted to eject him from said car without stopping said car ; that by reason of the negligence, carelessness and default of said company by its agents and employees in ejecting said plaintiff from said car without stopping said car or taking any reasonable precaution that said plaintiff should be removed from said car in a safe manner and to a safe place, said plaintiff was pushed and thrown off the car in such a negligent manner as to cause him to fall under the wheels of said car," etc. These allegations were denied by the answer of the defendant. But at the trial evidence was received without objection, tending not only to show the actual pushing of the plaintiff from the car while it was in motion, but that threatening gestures and perhaps language was used by the conductor to the boy, which tended to show that he was frightened thereby, and that this caused him to fall from the car.

We are of the opinion that under the allegations of the petition as to the negligent conduct of defendant company which caused the injury, such evidence as to threats or gestures was admissible. But if not it should have been objected to, and in such an event the plaintiff would clearly have been entitled to amend his petition in this respect. No objection having been interposed, and the trial having proceeded on this theory as well as on the other, we think there was nothing in the charge of the court materially prejudicial to the rights of the company.

It is also strongly urged by counsel for the plaintiff in error, that the court erred in giving to the jury the following charge, and particularly that part in brackets :

"The controverted fact in the case is, whether the defendant company, through its agents or conductor, struck the boy, or pushed him, or by gesture, or word or threat, caused the boy, through fear of personal violence, to jump from the car, and thereby fall under the wheels and be hurt by one of the wheels.

"If you find, by a preponderance of the proof before you, that the conductor did strike or push the boy, and that as such conductor he had had the management of the train of cars, stopping it to let people on or off, or to put people off, and that he thus either pushed or struck the boy off the car [or that he made a gesture or a threat by hand or mouth, which reasonably put the boy in fear of personal violence from the conductor unless he got off immediately, and that by either of these means it was the direct result that he fell under the cars and was hurt, then the defendant company would be liable to the plaintiff for the injury]."

"But if you do not find either of these conditions of fact; if you do not find he was put off the car by force of a blow or by a push by the conductor, and you further find that he was not put reasonably in fear of an assault by the con-

ductor if he did not get off, then in such event your verdict should be for defendant."

The claim of the counsel for plaintiff in error is, that by this charge the jury was instructed that if any gesture, or word even, of the conductor, even if that gesture or word was not wrongful, but entirely right under the circumstances. of the case, induced a reasonable fear on the part of the boy that he would suffer personal violence at the hands of the conductor, and as a consequence he fell from the car, the company would be liable.

A majority of the court (Judge Cox, who was not able to be present at the hearing of the case, having considered it with us), is of the opinion that the objection was not well taken—for the reasons that the charge as given requires that the fear of personal violence from the threat or gesture of the conductor should be a reasonable fear on the part of the boy, and that there was no evidence in the case tending to show that such fear, if entertained by him, was caused by any lawful or proper act on the part of the conductor while he was engaged in the legitimate performance of his duty.

I differ from my associates on this one question. I am of the opinion that the charge in question was not properly limited, and that it stated the law too strongly against the defendant. I think there was evidence even on the part of the plaintiff, which tended to show that when the boy climbed upon the running-board of the forward car, the conductor, who was on the forward end of the same car, walked towards him without making any threats or such gestures as perhaps would cause any fear of personal violence if exhibited to a grown person, or which was any violation of his duty as a conductor, and yet which may have caused this boy to be afraid. The charge seems to make the liability of the company to depend on the fact whether or not the fear was reasonable, while, as it seems to me, two things must concur to make the defendant liable, viz., that the act of the conductor was, under the circumstances, negligent or wrongful, and that the fear produced thereby was reasonable, and that this should have been presented to the jury; and that not having been done, the charge, as given, was, I think, erroneous and prejudicial to the defendant.

The judgment of the common pleas will be affirmed with costs.

*Ramsey, Maxwell & Ramsey*, for Plaintiff in Error.

*C. D. Robertson* and *Charles T. Greve*, for the Defendant in Error.